## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

 v.

Terry Dale Duncan

January 29, 2003

Case Nos. CR02-962, CR02-963, CR02-968-00,
CR02-968-01, CR02-968-01, CR02-968-03, CR02-968-04

BY JUDGE CHARLES N. DORSEY

 Pursuant to my ruling on the defendant's subpoena duces tecum to the Department of Social Services, I have received for *in camera* review copies of the entire file of the Department of Social Services in this matter. As I attempted to articulate at the time of the last hearing, I believe Mr. Duncan's constitutional rights to a fair trial supercede any statutory rights ordinarily associated with a child protective service complaint. The pertinent statutes of the child protective services complaint are contained in Virginia Code § 63.2-1500 *et seq.* Significantly, Virginia Code § 63.2-1503(D) directs that the Department of Social Services may provide the Commonwealth's Attorney and law enforcement officers with records in this sort of case. It seems to me a matter of elemental fairness that the defendant should likewise receive those records.

 In light of all parties' concern about the previously scheduled trial date in this matter, I have received the records from the Department of Social Services this morning and have reviewed them. I am deleting certain identifying information pertaining to the names and addresses of the present foster parents of the infant and the actual name of the person making the initial report since I believe the context of the rest of the documents provide Mr. Varney with enough information to conduct any investigation he deems appropriate in the defense of Mr. Duncan. However, due to the voluminous nature of the records, I may have inadvertently not deleted all references to the

foster parents. Consequently, I am ordering Mr. Varney to not intentionally disclose to Mr. Duncan, nor to anyone else, the name, address, or any other identifying information pertaining to the foster parents which may inadvertently still be contained in these records. I am otherwise providing all of the records sought to Mr. Varney with photocopies of the same records to the attorney for the Commonwealth.

I am placing under seal several pages which, in my opinion, pertain exclusively to the foster parents. They will be maintained in the file under seal solely in the event that there is any appellate review of this decision. I am also placing under seal the original documents, which I have redacted, showing the redactions. Otherwise, I am not retaining any of these records in the file. Otherwise, I have merely marked "redacted" on the documents from which I have removed such identifying information.

Ms. Ferguson will prepare an order, including a protective order, incorporating this opinion. The protective order should direct that Mr. Varney not disseminate any information from these documents, except in the ordinary course of his representation of Mr. Duncan, and then only to persons under Mr. Varney's direct control and supervision. I recognize, of course, that much of the information in these records is probably already in Mr. Varney's possession from other sources. The protective order does not cover those records.